UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTISS ROBINSON, | No. 2:13-cv-02100 DAD P |
| Petitioner, | |
| v. | ORDER[1] |
| RICK HILL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the court will grant petitioner's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

For the reasons discussed herein, the court dismisses the instant petition without prejudice to petitioner pursuing his second claim for relief as a member of the plaintiff class in Gilman v. Fisher, Case No. 2:05-0830 LKK CKD P (E.D. Cal.).

/////

/////

---

[1] Petitioner has previously consented to the jurisdiction of the undersigned Magistrate Judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a). (ECF No. 4.)

## PRELIMINARY SCREENING

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

Petitioner is serving a state prison term of nine years to life, with the possibility of parole, based on a judgment of conviction rendered December 3, 1991. (Pet. at 1.) Petitioner challenges the July 26, 2012 decision of the California Board of Parole Hearings (Board) denying him parole. Petitioner claims that: (1) the Board's decision violated his rights under the Due Process Clause of the United States Constitution because not supported by sufficient evidence that, if released, petitioner would present an unreasonable risk to the public safety; and (2) the Board's application of Proposition 9, to postpone for a period of seven years petitioner's next parole hearing, violated his rights under the Ex Post Facto Clause of the United States Constitution.[2] (Pet. at 4 & Pet'r's Mem. of P. & A.)

## ANALYSIS

**I. Due Process**

A protected liberty interest may arise under the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an

---

[2] Petitioner also claims that the Board's application of Proposition 9 violated his rights under the California Constitution. That claim is not cognizable in this action because federal habeas relief under 28 U.S.C. § 2254 is available only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law").

1 expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221
2 (2005) (citations omitted). "[A] state's statutory scheme, if it uses mandatory language, 'creates a
3 presumption that parole release will be granted' when or unless certain designated findings are
4 made, and thereby gives rise to a constitutional liberty interest." McQuillion v. Duncan, 306 F.3d
5 895, 901 (9th Cir. 2002) (quoting Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 12
6 (1979)). See also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (state's use of
7 mandatory language ("shall") creates a presumption that parole release will be granted when the
8 designated findings are made).

9      It is well established that California's parole statutes give rise to a liberty interest
10 protected by the federal Due Process Clause. Swarthout v. Cooke, 562 U.S. 216, ___, 131 S. Ct.
11 859, 861-62 (2011). In California, a prisoner is entitled to release on parole unless there is "some
12 evidence" of his or her current dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210
13 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2009). However, in Cooke, the Supreme
14 Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule
15 into a substantive federal requirement." Cooke, 131 S. Ct. at 862. The Court specifically rejected
16 the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of
17 evidence presented, or relied upon, at a parole proceeding. Id. at 862-63. Rather, the protection
18 afforded by the federal Due Process Clause to California parole decisions consists solely of the
19 "minimum" procedural requirements set forth in Greenholtz, specifically, "an opportunity to be
20 heard and . . . a statement of the reasons why parole was denied." Id. at 862. "[T]he beginning
21 and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum
22 procedures adequate for due-process protection." Id.[3]

---

[3] The limited inquiry permitted by federal habeas courts to satisfy procedural due process in the parole context has since been consistently reiterated by the Ninth Circuit Court of Appeals. See Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) (under Cooke, "'the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business'") (quoting Cooke, 131 S. Ct. at 863); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]") (Original

In the instant case, petitioner alleges a denial of due process on the ground that insufficient evidence supports the Board's finding that his release would present an unreasonable risk to public safety. Petitioner contends that the Board's finding lacks any nexus to his conduct and inappropriately relies on petitioner's immutable characteristics. However, under the Supreme Court's decision in Cooke, this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. Cooke, 131 S. Ct. at 862-63. Petitioner's challenge to the factors and sufficiency of the evidence underlying the Board's decision is not cognizable in this federal habeas proceeding. Moreover, it is clear from the record that petitioner was accorded all procedural due process to which he was entitled: petitioner was present at his July 26, 2012 parole hearing; he was afforded access to his central file in advance; he participated with counsel at the hearing; and he was provided with the reasons for the Board's decision. (Pet. Ex. A.) The Due Process Clause requires no more.

## II. Ex Post Facto

Petitioner next challenges the Board's application of Proposition 9, adopted by the voters as the "Victims' Bill of Rights Act of 2008: Marsy's Law," which authorizes longer intervals between parole suitability hearings.[4] Petitioner claims that the Board's reliance on Proposition 9 to postpone for a period of seven years his next parole hearing violates the Ex Post Facto Clause of the United States Constitution. (Pet. at 4, Mem. of P. & A.).

/////

---

emphasis.); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under Cooke, "there is no substantive due process right created by California's parole scheme"); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("Cooke makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254.").

[4] Prior to enactment of Proposition 9, indeterminately-sentenced inmates, like petitioner, were denied parole for one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year, in which case the subsequent hearing could be extended for a period up to five years. Former Cal. Penal Code § 3041.5(b)(2) (2008). As amended, the statute now authorizes denial of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3). The shortest interval the Board may routinely set is three years. Id., § 3041.5(b)(3)(C). The Board retains discretion to advance a parole hearing at any time due to a change in circumstances or new information. Id., § 3041.5(b)(3)(C)(4).

Petitioner is a member of the plaintiff class in Gilman v. Fisher, Case No. 2:05-cv-0830 LKK CKD P (E.D. Cal.), which is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See id., Order filed Feb. 28, 2014 (ECF No. 532 at 1-2) (citation and internal quotation marks omitted). Like the other plaintiffs in Gilman, petitioner herein alleges that retroactive application of Proposition 9 creates a significant risk that he will receive a longer period of incarceration than he would have under the law as it existed when he was sentenced. On February 28, 2014, the then-assigned district judge issued an order granting the Gilman class declaratory and injunctive relief, including entitlement to annual parole hearings unless the Board expressly finds that a longer deferral period is warranted. See id. (ECF No. 532 at 57-58). At present, this relief is stayed and these matters are pending on cross-appeals before the Ninth Circuit Court of Appeals. (Court of Appeals Case Nos. 14-15680 and 14-15613 (9th Cir.).)

Significantly, members of the Gilman class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action."[5] Gilman, Case No. 2:05-cv-0830 LKK CKD P (E.D. Cal.), Order filed Dec.10, 2010 (ECF No. 296 at 2). Therefore, the court will dismiss petitioner's instant Ex Post Facto claim without prejudice to petitioner obtaining any relief that becomes available to him as a member of the plaintiff class in Gilman. See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858

---

[5] Even if petitioner could pursue independent relief, and this court found that the Board's deferral of his next parole suitability hearing violated the Ex Post Facto Clause, petitioner would not be entitled to release on parole. Because petitioner's Ex Post Facto claim concerns only the timing of his next parole suitability hearing, success on that claim would not necessarily result in a determination that petitioner is suitable for release. Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing against petitioner any provisions of Proposition 9 found to be unconstitutional. This is the same relief petitioner would be entitled to as a member of the Gilman plaintiff class.

F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); Brodheim v. Duffy, Case No. 2:12-cv-2756 DAD P, 2014 WL 2462801 at *1-2 (E.D. Cal. May 29, 2014) (dismissing without prejudice petitioner's Ex Post Facto claim under Proposition 9, without prejudice to obtaining relief as a member of the plaintiff class in Gilman).  Petitioner's inclusion as a member of the Gilman plaintiff class is automatic; he need not independently pursue such status, and his rights under the Ex Post Facto Clause will thereby be fully protected .

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's claim that his rights under the Due Process Clause were violated by the Board's decision denying him parole is dismissed for failure to state a cognizable claim for federal habeas corpus relief.

3. Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the Board's decision to defer his next parole suitability hearing is dismissed without prejudice to petitioner obtaining any relief that may be available to him as a member of the plaintiff class in Gilman v. Fisher, Case No. 2:05-0830 LKK CKD P (E.D. Cal.)

4. The court declines to issue a certificate of appealability under 28 U.S.C. 2253(c).

5. This action is closed.

Dated:  October 6, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
robi2100.hc.scrn.parole